UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

CHERYL KENNEDY,
    Plaintiff,
-vs.-                                             **DEMAND FOR JURY TRIAL**


ASSET ACCEPTANCE, LLC
a foreign corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Cheryl Kennedy, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Asset Acceptance, LLC ("Asset Acceptance") which is a corporation doing business in Michigan.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Some time prior to December 18, 2008, the Defendant purchased a consumer obligation ("the Defaulted Obligation") that the Plaintiff had owed to Household Finance.

7. At the time that the Defendant purchased the Defaulted Obligation, the Plaintiff was in default.

8. On December 18, 2008, the Defendant obtained a judgment against the Plaintiff on the Defaulted Obligation.

9. On July 1, 2009, the Plaintiff entered into a settlement agreement with the Defendant with respect to Defendant's judgment on the Defaulted Obligation.

10. On July 23, 2009, the Defendant drafted the sum of $634.33 from the Plaintiff's bank account in full settlement of the Defendant's judgment on the Defaulted Obligation.

11. On September 14, 2009, without any legal basis, the Defendant issued a garnishment on the Plaintiff's income tax refund from the State of Michigan.

12. After being alerted to the fact that it should never have issued this garnishment, the Defendant signed a release of that garnishment on November 16, 2009.  It is not known whether that release was ever filed with the court.

13. On February 8, 2010, the Plaintiff received a garnishment disclosure from the State of Michigan informing her that it is withholding $322.00 due to the garnishment issued by the Defendant.

14. On March 29, 2010, Plaintiff, through counsel, advised the Defendant of the facts in this matter and the Defendant has refused to respond or to refund the Plaintiff's money.

15. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant - in the ordinary course of its business - regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the Household Bank account is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant 's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e by false representing to the State of Michigan that the judgment on the Defaulted Obligation was unsatisfied, causing the State to withhold the $366.00 of the Plaintiff's refund.[1]

21. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

---

[1] Plaintiff filed an amended tax return that resulted in an increased tax refund.

3

## COUNT II - MICHIGAN OCCUPATIONAL AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated M.C.L. §§339.915(a); 339.915(e); 339.915(f).

26. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.
b. Statutory damages.
c. Treble damages.
d. Statutory costs and attorney fees.

4

Respectfully submitted.

May 4, 2010             <u>/s/ Gary Nitzkin</u>
                        GARY D. NITZKIN (P 41155)
                        NITZKIN & ASSOCIATES
                        Attorneys for Plaintiff
                        22142 West Nine Mile Road
                        Southfield, MI 48034
                        (248) 353-2882
                        Fax (248) 353-2882
                        Email - gnitzkin@creditor-law.com